1

2

3

4

5

6

7

8

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12
DESIDERIO M.,[1]

13
                          Plaintiff,

14
            v.

15
NANCY A. BERRYHILL,

16 Acting Commissioner of Social
Security

17
                          Defendant.

18

Case No. ED CV 17-1750 MRW

ORDER VACATING DECISION OF
ADMINISTRATIVE LAW JUDGE

19

20 ## SUMMARY OF RULING

21      Plaintiff challenges the denial of his application for Social Security

22 disability benefits.  He claims that the administrative law judge improperly gave

23 little weight to the opinion of a consulting physician who examined Plaintiff and

24 recommended job-related limitations.

25

26      _____

[1]      Partially redacted in compliance with Federal Rule of Civil

27 Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the

28 United States.

The Court agrees.  The ALJ failed to provide a valid reason to disregard the testing and opinion of the examining physician.  That error was not harmless.  As a result, the Court vacates the agency's decision and remands the case for further proceedings.

## PLAINTIFF'S CONDITIONS AND PROCEEDINGS BELOW

Plaintiff applied for disability benefits based on several significant physical ailments.  The ALJ concluded that Plaintiff's back, knee, and weight-related conditions were "severe impairments" as that term is used under federal regulations.  (AR 44.)  The ALJ determined that a previous injury to his left hand (he cut himself with a table saw) "was nonsevere" because Plaintiff was no longer treated for the condition and an x-ray showed no abnormality with the hand.  (AR 44-45.)

The ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform light work with various postural limitations, such as occasionally climbing ropes, ladders, etc.  (AR 45.)  A vocational expert testified that Plaintiff could perform his former work (he worked as a construction supervisor) at the exertional level that the job is actually performed in national economy.  (AR 86-87.)

From this, the ALJ concluded that Plaintiff was not disabled and denied benefits.  (AR 50.)

## STANDARD OF REVIEW

Under 42 U.S.C § 405(g), a district court may review the Commissioner's decision to deny benefits.  A district court must affirm the agency's denial of benefits unless the ALJ's findings are "based on legal error or are not supported by substantial evidence in the record."  Lamear v. Berryhill, 865 F.3d 1201, 1204 (9th Cir. 2017); Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016).  "Substantial evidence" is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  Rounds v. Comm'r Soc. Sec.

Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (quotation omitted).

The Ninth Circuit "demand[s] that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review.  A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015).  The use of "boilerplate language" in a written decision generally "fails to offer a substantive basis" for an agency decision.  Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014); Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017) (agency's use of "boilerplate" or "generic" language fails to identify proper basis for rejecting physician's opinion or claimant's testimony).

Error in a social security determination is subject to harmless error analysis.  Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012).  Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path may reasonably be discerned."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).

**DISCUSSION**

Plaintiff contends that the ALJ failed to properly assess the medical opinion of a consulting physician.

**Facts and Agency Decision**

A consulting orthopedic surgeon (Dr. Berger) examined Plaintiff in early 2014 at the agency's request.  As part of the physical examination, Dr. Berger assessed Plaintiff's complaints of pain and difficulty using his left hand in the years after his table saw accident.  (AR 339.)  The surgeon's written report noted previous negative x-rays from 2005 and 2011 showing no fracture / bone damage to the hand.  (AR 340.)  Dr. Berger observed that Plaintiff had very poor results on a grip strength test administered to the left hand during the exam.  (AR 341.)  The orthopedist also noted flexing limits, reduced range of motion,

3

and reduced sensation for Plaintiff's hand.  (AR 342.)  Dr. Berger's report contains no suggestion of malingering or fakery by Plaintiff during the exam.

Dr. Berger diagnosed Plaintiff's knee and back conditions.  He also diagnosed Plaintiff with a chronic tendon problem (in Latin: flexor digitorum superficialis) in his hand.  Included in the physician's "functional assessment" were recommendations that Plaintiff be limited to occasional pushing, pulling, and gross and fine manipulative tasks with his injured hand.  (AR 344.)

* * *

In the written decision, the ALJ expressly "accord[ed] little weight to this opinion."  The entirety of the agency's statement explaining this determination: "[i] Dr. Berger did not have the benefit of reviewing the other medical reports contained in the current record and [ii] this opinion is not consistent with the record in its entirety."  (AR 49.)

The resulting RFC did not include any of the consultant's recommended limitations regarding Plaintiff's left hand.  The ALJ never asked the vocational expert to evaluate Plaintiff's capability to hold a job with hand-related limitations.

**Relevant Law**

In determining a claimant's RFC, an ALJ must consider all relevant evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017) (same).  If the ALJ rejects significant probative evidence, the ALJ must explain why.  Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984); Willyard v. Colvin, 633 F. App'x 369, 371 (9th Cir. 2015) (same).

An ALJ must take into account all of a claimant's limitations for which there is adequate medical evidence.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).  The RFC (and any resulting hypothetical presented to a vocational expert) "must set out all the limitations and restrictions of the

4

particular claimant." <u>Valentine v. Comm'r Social Sec. Admin.</u>, 574 F.3d 685, 690 (9th Cir. 2009) (quotation omitted, emphasis in original). An ALJ is required to consider the potential impact of all of a claimant's impairments – whether previously considered severe or nonsevere at step two of the sequential analysis – in formulating the claimant's RFC. <u>Burch v. Barnhart</u>, 400 F.3d 676, 683 (9th Cir. 2005) (quoting SSR 96-8p (1996)).

To reject the uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. <u>Trevizo v. Berryhill</u>, 871 F.3d 664, 675 (9th Cir. 2017). When a treating or examining physician's opinion is contradicted by another medical evaluation, the ALJ must provide "specific and legitimate reasons supported by substantial evidence" for rejecting that opinion. <u>Id.</u> The question as to "whether the 'clear and convincing' or 'specific and legitimate' standard applies" is a preliminary determination for a reviewing court to make. <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006) (consultant's opinion was "inconsistent with the brief, conclusory opinion of the state agency reviewing physician," triggering specific-and-legitimate-reason standard).

When a physician's assessment is based on "clinical observations" during the examination process (rather than a "patient's self-reports"), there is "no evidentiary basis for rejecting the opinion." <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1163 (9th Cir. 2014). The very purpose of the agency hiring an outside professional to conduct an independent examination is "to obtain an evaluation from a physician <u>without regard</u> to Plaintiff's past treatment and interaction with other professionals." <u>Velasquez v. Berryhill</u>, No. CV 16-4506 MRW, 2017 WL 2273191 at *4 (C.D. Cal. 2017) (emphasis in original).

Moreover, even when disputed by the agency, "a treating or examining physician's opinion is still owed deference and will often be entitled to the

greatest weight" in disability proceedings.  <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014).

### **Analysis**

The ALJ offered two brief reasons to reject the hand limitations that Dr. Berger proposed.  Neither reason was valid.  The Court finds reversible error that warrants remand.

As an initial matter, the Court grudgingly concludes that it must evaluate the ALJ's rejection of an examining physician's opinion under the not-so-stringent standard of whether the ALJ identified a specific and legitimate reason supported by substantial evidence.  <u>Trevizo</u>, 871 F.3d at 675.  Why grudgingly?  It's not entirely clear that <u>any</u> other medical opinion contradicted the relevant portion of Dr. Berger's assessment.  That's because none of the other physicians named in the written decision took up the issue of Plaintiff's hand at all:

- Dr. Grogan (a treating orthopedist) dealt with Plaintiff's back and knee issues.  (AR 335.)
- Dr. Laiken (an agency record reviewer) wrote his report in February 2014.  That was two months before the Berger exam occurred, so he could not have evaluated the contents of the opinion.  (AR 95.)
- Dr. Han, a second file reviewer, focused on Plaintiff's mobility and lifting issues due to the claimant's back/knee problems, not his ability to use or manipulate with his hand.  (AR 103.)

Nevertheless, Dr. Han did possess the Berger opinion (provided to the agency a few days before Han issued her/his report).  Dr. Han found Dr. Berger's report was "more restrictive than [Dr. Han's] findings," and brusquely concluded that Berger's opinions were "without substantial support from other evidence of record."  (AR 107.)  On that basis, the Han opinion

probably controverted Berger's opinions on the hand issue <u>sub silentio</u>. Specific-and-legitimate-reason review governs.  <u>Widmark</u>, 454 F.3d at 1066.

\* \* \*

The ALJ's first reason for rejecting Dr. Berger's recommendations was that the consultant "did not have the benefit of reviewing other medical reports contained in the current record."  (AR 49.)  Substantial evidence does not support that assertion.  The face of the Berger opinion discloses that the physician <u>did</u> have previous medical reports relevant to Plaintiff's hand injury. Dr. Berger expressly stated – in a section of the report conveniently entitled "REVIEW OF MEDICAL RECORDS" (AR 340 (capitals in original)) – that he looked at x-rays / radiology reports from 2005 and 2011 regarding the table saw injury.

The ALJ had no factual basis for the conclusion reached on this issue. <u>Rounds</u>, 807 F.3d at 1002.  And, if the ALJ faulted the consultant for not reviewing <u>other</u> relevant materials, the written decision is not specific enough in identifying what items the physician should have reviewed beyond the historic hand x-rays.[2]  <u>Trevizo</u>, 871 F.3d at 675.

And why does it matter what materials the consultant looked at?  The purpose of the orthopedic consulting examination was for an independent physician – paid by the agency – to assess for the agency the claimant's current condition and ability to work.  The Court accepts that good medical practitioners generally take a medical history of a patient (done here) and may review historic records to gain information about her or his conditions (done here too).

---

[2]    To the extent that the ALJ rejected the Berger opinion's conclusions regarding Plaintiff's back or knee issues (and, perhaps, the consultant's alleged failure to review medical records for those injuries), that provides no cognizable reason to doubt the recommendations about Plaintiff's diagnosed hand problems.  And, despite the "nonsevere" label, the ALJ was required to consider hand-related limitations if there was evidence that the condition impinged on Plaintiff's ability to work.  <u>Burch</u>, 400 F.3d at 683.

But the main purpose of the examination is, well, the examination itself. The agency hires other practitioners (in this case, Drs. Laikin and Han) to pore over past medical records to give medical opinions without physically examining the claimant. Dr. Berger's job was to conduct that exam and report on his findings. Any deficiency in obtaining or reviewing Plaintiff's medical file does not (in the absence of an explanation lining the review of medical records to a defect in the examination) provide a legitimate reason to doubt the results of the specialist's evaluation here. <u>Ghanim</u>, 763 F.3d at 1163; <u>Velasquez</u>, 2017 WL 2273191 at *4. The lack of unspecified medical records provided an inadequate basis for rejecting the orthopedist's findings.

* * *

The written decision's second basis is also insufficient to warrant affirmance. The ALJ wrote that Dr. Berger's opinion "is not consistent with the record in its entirety." (AR 49.) How? Why? Where? The agency's curt and conclusory explanation prompts these basic questions. It also fails to "set forth the reasoning" of the ALJ in a manner that "allows for meaningful review" on appeal. <u>Brown-Hunter</u>, 806 F.3d at 492.

But, even if the Court independently noodled over the case file on the agency's behalf, could it find "inconsistencies" that troubled the ALJ enough to reject an orthopedist's opinion? Maybe. The Court is aware that Dr. Grogan (the treating orthopedist, whose assessments the ALJ also rejected) reported no movement or grip strength limits during a 2013 examination. (AR 46, 332.) Yet, Dr. Grogan subsequently <u>confirmed</u> in 2014 that Plaintiff had considerable limitations to his ability to handle / finger / feel with both hands. (AR 336.)

Perhaps these inconsistencies provided a legitimate basis for the rejection of the Grogan opinion.[3] Yet, the medical record regarding Plaintiff's hand complaints is not as uniformly in the agency's favor as the ALJ suggests. Moreover, the vague reference to the "record in its entirety" provides a poor, unconvincing, and illegitimate basis to reject the actual testing that Dr. Berger performed – and the recommended limitations derived from it. This boilerplate, vague reasoning does not satisfy the Ninth Circuit's requirement of an agency decision. Trevizo, 871 F.3d at 678; Garrison, 759 F.3d at 1012-13.

Moreover, the ALJ surely did not even consider giving deference or greater weight to Dr. Berger's opinion than that of the agency's file reviewer. Garrison, 759 F.3d at 1012. The abbreviated written decision fails to satisfy the Ninth Circuit's standards for appropriately weighing and rejecting medical evidence.

**REMEDY**

If the ALJ properly considered the opinion of Dr. Berger, the RFC would likely have included additional manipulative limitations. The ALJ never presented such an RFC to the vocational expert for consideration.

As a result, the Court cannot conclude that the ALJ's erroneous evaluation of the Berger opinion was harmless. Treichler, 775 F.3d at 1099. The appropriate remedy is to remand on an open record. Id. at 1102; Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (remand on open record when there is "serious doubt as to whether Claimant is, in fact, disabled").

---

[3] That's the basis for Plaintiff's second claim on federal court appeal. Because of the Court's ruling regarding the Berger opinion, it declines to take up Plaintiff's thinner argument as to Dr. Grogan. The parties may raise the issue on remand.

## CONCLUSION

The ALJ's decision is VACATED for the reasons stated above.  The Court REMANDS the case on an open record for further proceedings.

IT IS SO ORDERED.

Dated: September 4, 2018

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE